# N. Y. COMMON PLEAS.

## Wm. N. Fitzgerald agt. E. P. Belden.

*Insufficient affidavit to sustain an attachment.*

An attachment cannot be sustained where it is issued on the ground that the defendant intends to defraud his creditors, as his books of accounts have been secreted, and are not accessible to his creditors, where it does not appear that the alleged secreting of the same by the defendant's employe was with the authority or with the knowledge and approbation of the defendant.

The affidavit upon which such attachment is issued is defective where the facts are not directly sworn to, but are referred to as contained in another affidavit, without stating that that affidavit is anywhere on file, or without a copy of the affidavit being annexed to the affidavit on which the attachment is ordered.

*Special Term, July,* 1875.

Affidavit was made by the plaintiff herein that the defendant was indebted to him in the sum of $388, and this action is brought to recover same. An attachment was issued against the defendant on the ground that he intended to defraud his creditors. Several affidavits were read to the effect that defendant's books of accounts had been secreted, and were inaccessible to his creditors. An order to show cause why the attachment should not be vacated was then granted upon application of defendant's counsel, on the ground that the affidavits referred to were insufficient.

Daly, *C. J.* — The affidavit in this case was not sufficient to authorize an attachment. The books secreted constituted that kind of property which is subject to levy,

Vol. XLIX.          29

Fitzgerald agt. Belden.

being property of that physical and tangible nature which could be seized by the sheriff, and sold and delivered by him to purchasers. If it had appeared that the secreting of the books by the defendant's employe was by the authority or with the knowledge and approbation of the defendant, Belden, then it would show a case in which the defendant had or was about to secrete his property with an intent to defraud his creditors. Such an intent on the part of the defendant cannot be assumed from the act of his employe without connecting the defendant by some evidence with the act, and there is nothing in the affidavit to show that he had any knowledge of it. There is not only this defect in the affidavit but it is not even directly sworn to, but is referred to as contained in another affidavit without stating that that affidavit is anywhere on file, or without a copy of the affidavit being annexed to the affidavit on which the attachment is ordered, which is a kind of evidence altogether too loose to be received as proof of the fact relied upon for the attachment, if the fact were otherwise sufficient. The attachment must, therefore, be discharged, on the ground that it was not warranted by the affidavit.